MuRdock,
concurring: I agree that the bonus payment was income to the petitioner in the year received. See Henry I. Brown, 4 B. T. A. 1129, where we held that the income resulting to a lessor from an improvement placed upon his property by a lessee was to be reported in full in the year the improvement was placed upon the property. I am of the opinion, however, that the present decision is inconsistent with certain other decisions of this Board, with which latter opinions I do not agree. For example, we held in Gilbert Butler et al., 4 B. T. A. 756, that the value of improvements to a mine made by a lessee was income to the lessor upon the termination of the lease; in Shelby D. Scott, 9 B. T. A. 1219; Joseph L. B. Alexander et al., 13 B. T. A. 1169; and J. L. B. Alexander, 14 B. T. A. 124, we held that the income to a lessor resulting from the erection of a building on the leased premises by the lessee was income to the lessor ratably over the remaining life of the lease; and in Fall River Electric Light Company, 23 B. T. A. 168, we held that bond premiums were income to the issuer ratably over the life of the bonds. *572 I am unable to distinguish the cases last above mentioned from the present case in principle; therefore, it seems to me that these cases are overruled. Also, in the case of Julia Building Corporation, 3 B. T. A. 333, we held that a lessor could include nothing in the computation of its invested capital representing a building erected on its property by a lessee. It seems to me that this case also is overruled by the present decision.